UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Frank W. Catani, Roger L.
Kangas, James Nelson, Carl
Liend, Larry M. Polcher,
Gunder Nelson, Joe Iozzo,
Frank Ross, Harry Hagsten,
Stanley Bakken, Arnold Lokken,
Lawrence Jeffers, Larry Pelkey,
and Henry Carlson,

Plaintiffs,

vs.

MINUTE ORDER

Mary Chiodi, d/b/a Temps Plus,
d/b/a Mary Chiodi Tax & Bookkeeping
Service; Temps Plus by Mary, Inc.;
and National Steel Pellet Company; and
National Steel Corporation,

Defendants.

Civ. No. 00-1559 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 16th day of March, 2001.

* * *

On March 15, 2001, the Court heard argument on the Plaintiffs' Motion to Amend the Complaint so as to name three additional individuals as Plaintiffs in this action. At the time of the Hearing, the Plaintiff appeared by David A. Arndt, Esq.; the Defendants Mary Chiodi, d/b/a Temps Plus, d/b/a Mary Chiodi Tax & Bookkeeping Service, and Temps Plus by Mary, Inc. ("Chiodi"), appeared by Alec J. Beck, Esq.; and the Defendants National Steel Pellet Company,

(19)

MAR 16 2001

and National Steel Corporation ("NSPC"), appeared by Michael Iwan, Esq.

This action was filed on June 9, 2000. According to the Complaint, a variety of employees, some of whom are named as Plaintiffs in this action, worked at NSPC, as temporary employees of Chiodi. Allegedly, during these periods of temporary employment, the Plaintiffs worked overtime, for which they did not receive the time and one-half premium which was due them under the Fair Labor Standards Act, Title 29 U.S.C. §201 et seq. ("FLSA"), and the Minnesota Fair Labor Standards Act, Minn. Stat. §177.21 et seq.

As originally file, the action involved twelve named Plaintiffs. On July 11, 2000, a thirteenth Plaintiff was added as a matter of course, before any of the Defendants had filed a responsive pleading. See, Rule 15(a), Federal Rules of Civil Procedure. Subsequently, after responsive pleadings had been filed by each of the named Defendants, with the involvement of the parties, we issued a Pretrial Scheduling Order which established December 1, 2000, as the deadline for the amendment of any pleadings. See, Pretrial Scheduling Order dated September 19, 2000. The Defendants contend, and the Plaintiffs do not dispute, that an overture was made, in October of 2000 -- well before the expiration of the pleadings amendment deadline -- to add Ralph Uhlenkamp ("Uhlenkamp"), and Al Littler ("Littler"), but the Defendants were un-

receptive and, since the monetary claims of Uhlenkamp and Littler were so inappreciable, counsel for the Plaintiffs did not pursue the matter further. As to the third, newly proposed Plaintiff -- Michael Palava ("Palava") -- counsel for the Plaintiffs represents that Palava did not contact him, to express interest in this action, until the days before the filing of the Plaintiffs' Motion to Amend, after Palava heard, in a restaurant, about the existence of this action.

Thereafter, on February 16, 2001, approximately two and one-half months after the expiration of the deadline for amending the pleadings, the Plaintiffs filed their Motion to Amend, which is currently before us.

III. Discussion

A. The Claims of Uhlenkamp and Littler. By seeking to amend the Complaint nearly three and one-half months after the expiration of the deadline for amending the pleadings, the Plaintiffs are implicitly seeking a modification of our Pretrial Scheduling Order. As we have recently reiterated:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party

> seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes--1983 Amendment; see also, Julian v. Equifax Check Services, Inc., 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mention, therefore, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. Luigino's Inc. v. Pezrow Cos., 178 F.R.D. 523, 525 (D. Minn. 1998).

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630 (D. Minn. 2000)(Publication page references are not available for this document), quoting Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581-582 (D. Minn. 1999).[1]

Since the Plaintiffs have admitted that, in October of 2000, they were aware the claims of Uhlenkamp Littler, but elected not to pursue those claims, no good cause has been shown to allow them, at this late date, to prosecute claims that they had abandoned four months ago. In the absence of good cause, the Plaintiffs' Motion must be denied as to Uhlenkamp and Littler.[2]

---

[1]Local Rule 16.3 serves to further reinforce the need for a party to show good cause, when seeking to extend the deadline for amending the pleadings. The Advisory Committee Notes to Local Rule 16.3 explain that the Rule is "* * * intended to discourage modifying pre-trial schedules unless good cause has been shown." Local Rule 16.3, Advisory Committee Notes.

[2]The Defendants further argue that the claims of Uhlenkamp and Littler are futile, within the meaning of Foman v. Davis, 371 U.S. 178, 182 (1962), and its progeny, because the statute of limitations in the FLSA and the paralleling Minnesota Statute, which are applicable to such claims, have expired. While the argument ap-
(continued...)

B. The Claims of Palava. Since Palava contacted Plaintiffs' counsel just prior to the filing of the Motion to Amend -- and, by all appearances was the percipient cause of that filing -- different considerations apply. The Plaintiffs represent, and the Defendants acknowledge, that no discovery in this case, apart from some informal, or internal investigation, has been conducted by either party. As to Palava, the Defendants complain that they will have to review their payroll records in order to determine the circumstances attendant to Palava's claim. We can envision no prejudice to the Defendants, given their approach to the pretrial processing of these claims, in the joinder of one more. Upon questioning, the Defendants were unable to articulate any compelling basis to believe that Palava's claim would raise any new or novel issues. Accordingly, even if our determination were governed by the presence or absence of prejudice to the nonmoving party -- and it is not -- we would find no prejudice.

In reality, a refusal to allow Palava's joinder at this time would merely potentiate to his commencement of his own claim either in this, or in State Court. We seriously doubt that it furthers

---

[2](...continued)
pears, facially, to have merit, we do not reach that issue as the Plaintiffs have not fully briefed their opposition to the argument, and the issue may arise, again, with respect to cer-tain of the other Plaintiffs. Notably, the Defendants acknowledge that the argument would not render futile the claims of Palava.

the interests of either party to encourage paralleling claims when, on the Record presented, no appreciable amount of effort will be expended by the Defendants in addressing those of Palava. While it could be argued that the same considerations apply to Uhlenkamp, and Littler, we find no cogent basis to save them the expense of commencing their own action, if they have one, since they could have timely intervened in this action, had that been their election. Further, if the Defendants are correct, that the claims of Uhlenkamp, and Littler, are time-barred, then the commencement of another action -- either in State or Federal Court -- would seem remote, given the palliative effects of Rule 11, of the respective Minnesota, and Federal, Rules of Civil Procedure. Accordingly, the Plaintiffs' Motion is granted to the sole extent of allowing the joinder of the claims of Palava, and the Plaintiffs should serve and file their Amended Complaint, in conformance with this Order, forthwith.[3]

NOW, THEREFORE, It is --

[3]We remind Plaintiffs' counsel that, in this District, a proposed Amended Complaint should have been attached to its Motion to Amend. See, D. Minn. LR15.1. In this instance, the oversight is inconsequential but, nonetheless, could have resulted in further delay, had their Motion been stricken for noncompliance.

ORDERED:

That the Plaintiffs' Motion to Amend their Complaint [Docket No. 14] is GRANTED in part, DENIED in part, and the Plaintiffs are directed to serve and file their Amended Complaint, in conformity with this Order, and the Federal Rules of Civil Procedure, forthwith.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE