UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Frank W. Catani, Roger L. Kangas, James Nelson, Carl Liend, Larry M. Polcher, Gunder Nelson, Joe Iozzo, Frank Ross, Harry Hagsten, Stanley Bakken, Arnold Lokken, Lawrence Jeffers, Larry Pelkey, and Henry Carlson,

Plaintiffs,

vs. ORDER

Mary Chiodi, d/b/a Temps Plus, d/b/a Mary Chiodi Tax & Bookkeeping Service; Temps Plus by Mary, Inc.; and National Steel Pellet Company; and National Steel Corporation,

Defendants. Civ. No. 00-1559 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 25th day of May, 2001.

I. Introduction

On May 17, 2001, the Court heard argument on the Plaintiffs' Motion to Amend their Complaint so as to name an additional individual as a Plaintiff in this action. At the time of the Hearing, the Plaintiffs appeared by David A. Arndt, Esq.; the Defendants Mary Chiodi, d/b/a Temps Plus, d/b/a Mary Chiodi Tax & Bookkeeping Service, and Temps Plus by Mary, Inc., appeared by

34

MAY 25 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Gregory P. Wilken, Esq.; and the Defendants National Steel Pellet Company, and National Steel Corporation ("NSPC"), appeared by Michael P. Iwan, Esq. For reasons which follow, we deny the Plaintiffs' Motion to Amend the Complaint.

II. Factual and Procedural History

This action was originally filed on June 9, 2000. According to the Complaint, a variety of employees, who are Plaintiffs in this action, worked as temporary employees for NSPC.[1] Allegedly, during periods of temporary employment, the employee-Plaintiffs worked overtime, but did not receive a time and one-half premium as required by the Fair Labor Standards Act ("FLSA"), see, Title 29 U.S.C. §201 et seq., and the Minnesota Fair Labor Standards Act, see, Minnesota Statutes §117.21 et seq.

Originally, this action included twelve named Plaintiffs. On July 11, 2000, a thirteenth Plaintiff was added as a matter of course, before any of the Defendants had filed a responsive pleading. See, Rule 15(a), Federal Rules of Civil Procedure. Subsequently, after responsive pleadings were filed by each of the named Defendants, we issued a Pretrial Order which established the date of December 1, 2000, as the deadline for amending the pleadings;

[1]Specifically, this action involved temporary employees who were placed at the NSPC by the TEMPS temporary employment agency.

April 1, 2001, for the close of discovery; and August 1, 2001, as the "Ready for Trial" date.

On February 16, 2001, the Plaintiffs filed a similar Motion to Amend the Complaint, in order to add three additional parties. A Hearing on that Motion was conducted on March 15, 2001. By Order of March 16, 2001, we allowed the Plaintiffs to amend the Complaint so as to add one of the three proposed individuals. Specifically, we allowed the Plaintiffs to add Michael Pavala ("Pavala") as a Plaintiff in the action, as we determined that the Plaintiffs did not know about Pavala until shortly before they filed their Motion to Amend. As a result, we concluded that there was good cause to amend the Pretrial Order, in order to allow this late amendment of the Complaint. Importantly, we noted that the joinder of Pavala did not appear to be futile, and did not prejudice the Defendants, as the parties had completed little, if any, discovery up to that point in time. Finally, Pavala's claims were identical to the original Plaintiffs, and no additional discovery appeared to be necessary with respect to his claim.

As for the other proposed Plaintiffs -- Ralph Uhlenkamp and Al Littler -- we denied the Plaintiffs request to add these parties, as the Plaintiffs knew about these individuals in December of 2000, and yet did not pursue joining them as Plaintiffs, on a timely basis, since their claims appeared to be insubstantial. On

this showing, we found an absence of good cause to amend our Pretrial Order so as to join those two individuals as Plaintiffs.

As a result of that last amendment, we amended our Pretrial Order, and set the close of discovery for May 1, 2001, and a "Ready for Trial" date of September 1, 2001. The Plaintiffs now seek, nearly two months after the last amendment, to join an additional Plaintiff -- Roy Hobbs ("Hobbs").

## III. Discussion

The entirety of the Plaintiffs' argument, in support of their Motion, is as follows:

> In the present case, when the Pretrial Order was initially set, plaintiffs' counsel expressed grave concern about the date for adding parties because of the number of people who were not paid the overtime that they were entitled to and the likelihood of other plaintiffs wishing to join the present action. On Wednesday, April 18, 2001, Roy Hobbs came into our offices and saw attorney David Arndt. He informed us he had been talking to one of the plaintiffs in a restaurant who told him about the case and Mr. Hobbs stated he wanted to be made a party as well. Mr. Hobbs last worked at National Steel in the fall of 1997 and had a number of overtime hours both before and after the three-year period. With no trial date set at this time, there is no reason not to add him as an additional party.

Plaintiffs' Memorandum in Support of Motion to Amend the Complaint, at 2.

The Defendants oppose the addition of Hobbs as a Plaintiff, because the Plaintiffs have failed to show "good cause" for the proposed

amendment to our Pretrial Order, and because the amendment would be futile. Unfortunately, notwithstanding our prior analysis, the Plaintiffs continue to frame the issue under the liberal amendment standard of Rule 15, Federal Rules of Civil Procedure, and not under the applicable "good cause" standard of Rule 16, Federal Rules of Civil Procedure.

A. Standard of Review. In support of their Motion, the Plaintiffs have, again, misframed their argument in the context of Rule 15(a), Federal Rules of Civil Procedure, which provides, where pertinent, as follows:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires.

In construing this Rule, the Supreme Court has observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also, Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

"[A]lthough we begin with a presumption of liberality, an amendment to a pleading can be successfully challenged on grounds of futility, if the claims created by the amendment would be unable to withstand a Motion to Dismiss." Ulrich v. City of Crosby, 848 F. Supp. 861, 877 (D. Minn. 1994), and cases cited therein. In sum, "the right to amend the pleadings is not absolute," and "the granting of a Motion to amend the pleadings is vested in the sound discretion of the Trial Court." White Consolidated Industries, Inc. v. Waterhouse, 158 F.R.D. 429, 434 (D. Minn. 1994); see also, Upsher-Smith Laboratories v. Mylan Laboratories, 944 F. Supp. 1411, 1442 (D. Minn. 1996).

Where, as here, the deadline for the amendment of pleadings has long since expired, the propriety of the Motion for leave to amend "is most properly considered within the framework of Rule 16(b), Federal Rules of Civil Procedure." Alholm v. American Steamship Co., 167 F.R.D. 75, 77 (D. Minn. 1996). As we have recently reiterated:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee

> Notes--1983 Amendment; see also, Julian v. Equifax Check Services, Inc., 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mention, therefore, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. Luigino's Inc. v. Pezrow Cos., 178 F.R.D. 523, 525 (D. Minn. 1998).

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631 (D. Minn. 2000), quoting Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581-582 (D. Minn. 1999).[2]

Our application of Rule 16(b) is entirely consistent with Eighth Circuit authority. As our Court of Appeals has most recently reiterated:

> It is true that the Federal Rules are usually liberally construed to permit parties to amend pleadings, add additional parties and to similarly control the pace of litigation. See, e.g., Hopkins v. Saunders, 199 F.3d 968, 974 (8th Cir.1999), cert. denied, --- U.S. ----, 121 S.Ct. 176, 148 L.Ed.2d 121 (2000); Gray v. Bicknell, 86 F.3d 1472, 1481 (8th Cir.1996). As regards case management orders, however, the Federal Rules set a less forgiving standard. Federal Rule of Civil Procedure 16(b) specifies that such an order "shall not be modified except upon a showing of good cause and by leave of the district judge." Thus, a moving party must first make the

[2]Local Rule 16.3 serves to further reinforce the need for a party to show good cause, when seeking to extend the deadline for amending the pleadings. The Advisory Committee Notes to Local Rule 16.3 explain that the Rule is "* * * intended to discourage modifying pretrial schedules unless good cause has been shown." Local Rule 16.3, Advisory Committee Notes.

> requisite showing. Even then the district court retains discretion as to whether to grant the motion. As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them. In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437 (8th Cir.1999), cert. denied sub nom. Rainy Lake One Stop, Inc. v. Marigold Foods, Inc., 529 U.S. 1038, 120 S.Ct. 1534, 146 L.Ed.2d 348 (2000).

Bradford v. DANA Corp., --- F.3d ---, 2001 WL 422393, *1 (8th Cir., April 13, 2001).

Accordingly, "[w]e doubt that it can be seriously questioned that '[a]dherence to reasonable deadlines is * * * critical to maintaining integrity in court proceedings.'" Alholm v. American Steamship Co., supra at 79, quoting Rouse v. Farmers State Bank of Jewell, supra at 1199.

B. Legal Analysis. As noted, under the governing Pretrial Order, the deadline for amending the pleadings expired on December 1, 2000. The Plaintiffs argue that "good cause" exists here, however, because Hobbs only recently contacted Plaintiffs' counsel in order to express his interest in joining this action. Under the circumstances at this time, however, we find that the Plaintiffs have failed to show good cause for a further amendment of the applicable Scheduling Order. In distinction to the circumstances that attended our last allowance of an amendment, discovery has now been conducted, and completed by the parties. Indeed, the discovery deadline has also expired. With a "Ready for Trial" date of

September 1, 2001, the time has come for the parties to prepare for Trial on the case that has now been formulated.

The Plaintiffs have had a full opportunity to identify the prospective claimants in this action -- in fact, the action was initially styled as one seeking class relief -- and the prospect of further proposed Plaintiffs lingering in, so as to disrupt the "just, speedy, and inexpensive" resolution of this action, is fore-boding. While we do not fault the Plaintiffs for Hobbs' late attempt to join this action, the failure to adopt their requested joinder does not prejudice Hobbs, or the Plaintiffs, in any respect as, should Hobbs have a viable cause of action, he is at liberty to commence his action in State or Federal Court, as appropriate.[3] In effect, when we last entertained the Plaintiffs' request to join additional parties, we acceded to the request -- in one instance -- as, in the vernacular, the "train had not left the station." In contrast, at this point, the "train" has not merely left the station, it approaches its destination, and the Plaintiffs have not isolated good cause to retrieve a party, who has belatedly strag-

[3]The Defendants further argue that Hobbs' claim is futile, within the meaning of Foman v. Davis, 371 U.S. 178, 182 (1962), and its progeny, because the statutes of limitations in the FLSA and the paralleling Minnesota Statute, which are applicable to such claims, have expired. While the argument appears, facially, to have merit, we do not need to reach the issue, and leave it open for future resolution.

gled to the departure gate. Accordingly, the Motion to Amend is denied.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiffs' Motion to Amend the Complaint [Docket No. 23] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE